**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1710-22

DAVID HOOK and MODERN
METHOD DEVELOPMENT,

     Plaintiffs-Respondents,

v.

BOHDAN SENYSZYN,

     Defendant-Appellant,

and

KELLY SENYSZYN, MODERN
METHOD TRUST, and MODERN
METHOD LEASING,

     Defendants.

_____

        Submitted April 15, 2024 – Decided April 24, 2024

        Before Judges Mawla and Chase.

        On appeal from the Superior Court of New Jersey, Law
        Division, Sussex County, Docket No. L-0296-04.

        Bohdan Senysyzn, appellant pro se.

Donnelly Minter & Kelly, LLC, attorneys for respondents (Joseph P. Fiteni and Jason Andrew Meisner, of counsel and on the brief).

PER CURIAM

Defendant Bohdan Senyszyn appeals from a November 10, 2022 order denying his Rule 4:50-1 motion for relief from a November 5, 2021 order confirming an arbitration award entered in favor of plaintiffs David Hook and Modern Method Development, Inc. We affirm.

In 2004, plaintiffs sued defendant[1] for: fraud; rescission; conversion; conversion/forgery; unjust enrichment; and constructive trust, related to defendant's embezzlement of money and property belonging to plaintiffs in Hardystown Township. In 2006, the parties entered a settlement agreement whereby defendant relinquished all ownership to the Hardystown property and transferred ownership to Hook, except for a parcel known as the "Farmland Parcel." The parties retained their claims for title to this parcel and ultimately entered an agreement for binding, non-appealable arbitration in 2010.

In 2017, plaintiffs moved to compel arbitration and the court entered an order confirming the validity of the 2006 settlement, the 2010 agreement to

---

[1] Plaintiffs also sued defendant's wife Kelly Senyszyn, Modern Method Trust, and Modern Method Leasing, Inc. However, because they have not participated in this appeal, when we refer to defendant, we intend Bohdan Senyszyn.

arbitrate, and directed the parties to proceed with arbitration. An arbitrator conducted a five-day hearing spanning December 2019 and January 2020, issued an interim award in favor of plaintiffs on June 10, 2020, and a final award in favor of plaintiffs on August 19, 2020.

The arbitrator ordered defendant to transfer ownership of the parcel to Hook and dismissed all of defendant's claims with prejudice. The award further directed defendant to pay plaintiffs' legal fees totaling $124,509.50 and directed defendant and his wife to pay plaintiffs $36,845.39 for the costs of the arbitration. On November 5, 2021, the trial court entered an order confirming the arbitration award and entered final judgment in favor of plaintiffs.

Defendants did not appeal from the November 2021 judgment. Instead, they filed several motions in the trial court for reconsideration or relief from the November 2021 judgment. In October 2022, defendant moved for relief from the judgment under Rule 4:50-1(a), (b), and (c) on grounds of mistake, fraud, and misrepresentation or misconduct by plaintiffs. He claimed the November 2021 judgment was invalid because it was entered in favor of a non-party, Aandrei J. Investors, LLC (Aandrei), and the court could not grant relief to a non-party to the arbitration. Specifically, defendant claimed Hook committed fraud because defendant reviewed Aandrei's bankruptcy filing and discovered

the arbitrator "received payments from Aandrei for non-party and non-arbitral issues and Hook never made any payments for his share of the arbitration fees." Therefore, the court could not order defendant to pay plaintiffs' fees and at least $42,000 of the fee award was improperly awarded to plaintiffs.

Plaintiffs' opposition to defendant's motion pointed out defendant's claim was based on his belief "a prior firm which represented [p]laintiffs in connection with the arbitration [was] apparently listed as a creditor of [Aandrei]" in its bankruptcy filing. Plaintiffs noted the fees awarded by the arbitrator were "only a fraction of the amounts which . . . Hook, [his wife,] and their companies had to expend to fight [defendant] on multiple fronts." Plaintiffs paid the entire cost of the arbitration and the fact the judgment ordered defendants to pay them back was not grounds for relief under Rule 4:50-1.

The motion judge denied defendant's motion and, in his written findings, noted the November 2021 order was not entered in favor of Aandrei because it was not a party. The judge found as follows: "A review of the November 5, 2021 order clearly shows that Aandrei . . . is not mentioned in the order nor in the [a]rbitration [a]ward. There is nothing to modify." Whether Aandrei "paid the arbitration fee for its princip[al] David Hook" was not grounds for relief under Rule 4:50-1 because it "alter[ed] nothing and is entirely irrelevant." The

A-1710-22

judge reasoned "[t]he appropriate rule is [Rule] 4:49[-]1(b)[,] which requires motions such as this to be filed [within] []twenty[] days [of] the November 5, 2021 order . . . .  That time passed long ago."

I.

On appeal, defendant argues the motion judge erred because he denied him "a full and fair hearing on all of the issues raised[] pursuant to Rule 4:50." He reiterates the argument the November 2021 order granted Aandrei relief as a non-party and claims the judge's conclusion that Aandrei was not mentioned in the November 2021 order was mere "semantics."  He claims the judge also erred when he characterized defendant's motion as one for modification.  Moreover, the judge mistakenly relied upon Rule 4:49-1 because defendant's motion was made post-arbitration and Rule 4:49-1 governs motions for a new trial and there was no trial here, especially as regards Aandrei.

At the outset, we can understand why the trial judge believed defendant was seeking relief pursuant to Rule 4:49-1(b), because if defendant prevailed in vacating the arbitration fee award, it would necessarily call for a new trial (arbitration) on the issue.  However, defendant never moved for a new trial. Therefore, the judge's assessment of his claim under Rule 4:49-1(b) was a mistaken application of law.

Regardless, on appeal our role is to review judgments and orders, not trial court opinions. Bandler v. Melillo, 443 N.J. Super. 203, 210 (App. Div. 2015). "[A] party may challenge only the propriety of the judgment entered by the trial court, not the reasoning underlying the court's decision." Ibid. (citing Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001)). "It is a commonplace of appellate review that if the order of the lower tribunal is valid, the fact that it is predicated upon an incorrect basis will not stand in the way of its affirmance." Isko v. Plan. Bd. of Livingston, 51 N.J. 162, 175 (1968), abrogated on other grounds, Com. Realty & Res. Corp. v. First Atl. Props. Co., 122 N.J. 546 (1991).

A motion for relief under Rule 4:50-1 should be granted sparingly and is addressed to the sound discretion of the trial court, whose determination will not be disturbed absent a clear abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "[A]buse of discretion only arises on demonstration of 'manifest error or injustice,'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial court's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Guillaume, 209 N.J. at 467 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). Accordingly, our task is not "to decide whether the trial court

took the wisest course, or even the better course, since to do so would merely be to substitute our judgment for that of the lower court.  The question is only whether the trial judge pursued a manifestly unjust course."  Gittleman v. Cent. Jersey Bank & Tr. Co., 103 N.J. Super. 175, 179 (App. Div. 1967), rev'd on other grounds, 52 N.J. 503 (1968).

A court may grant relief from a judgment under Rule 4:50-1(a) where a party demonstrates a mistake that they could not have protected themselves from during the litigation.  DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 263 (2009).  However, "neither the court's nor an attorney's error as to the law or the remedy constitutes mistake under" Rule 4:50-1(a).  Pressler & Verniero, Current N.J. Court Rules, cmt. 5.1.1 on R. 4:50-1(a) (2024).  In other words, one cannot argue a court's judgment was mistaken as a substitute for appeal.  Ibid.

Rule 4:50-1(b) affords a litigant relief from a judgment where "newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R[ule] 4:49" exists.  Relief from a judgment under Rule 4:50-1(c) may be granted on the grounds of "fraud, . . . misrepresentation, or other misconduct of an adverse party."

Pursuant to these principles, we conclude the trial judge correctly found no grounds for relief under Rule 4:50-1(a), (b) or (c) because the November 2021 judgment simply did not apply to Aandrei. We add that Rule 4:50-1(a) did not apply because defendant's argument alleged an error in the remedy accorded by the court, which is not a valid ground for relief under Rule 4:50-1(a). Further, the fact that Hook may have had an entity in which he was a principal pay the arbitration fees on his behalf constituted neither newly discovered evidence of the sort that would entitle defendant relief under Rule 4:50-1(b) nor fraud under Rule 4:50-1(c). The appellate record contains a billing statement from the arbitrator sent to plaintiffs' counsel, defendant, and his wife, clearly showing a payment received from Aandrei. This information was neither new nor hidden by plaintiffs from defendant during the proceedings.

Finally, as we noted, the parties agreed the arbitration award would be final and non-appealable. Given the finality of the arbitration award, relief under Rule 4:50-1 was not a means by which to undo the award. To the extent we have not addressed an argument raised on appeal it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-1710-22