NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1315-14T2

MICHAEL BANDLER,

       Plaintiff-Appellant,

v.

ROCCO MELILLO,

       Defendant-Respondent.

_____

APPROVED FOR PUBLICATION

December 15, 2015

APPELLATE DIVISION

Argued December 2, 2015 — Decided December 15, 2015

Before Judges Alvarez, Haas and Manahan.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2659-14.

Michael Bandler, appellant, argued the cause pro se.

Ronald A. Rosa argued the cause for respondent (Fuggi Law Firm, P.C., attorneys; Robert R. Fuggi, Jr., of counsel and on the brief).

The opinion of the court was delivered by

HAAS, J.A.D.

Plaintiff Michael Bandler appeals from the Law Division's August 28, 2014 order granting summary judgment to defendant Rocco Melillo and dismissing his complaint that sought damages against defendant for failing to comply with discovery orders.

Plaintiff also appeals from the trial court's October 17, 2014 order denying his motion for reconsideration.

However, plaintiff does not challenge the propriety of the dismissal of his action. Instead, plaintiff states that he is dissatisfied with dictum in the trial judge's written decision and has filed a notice of appeal for the sole purpose of asking this court to redact the dictum from the trial court's opinion.[1] Because our jurisdiction is limited to appeals taken from judgments and not from opinions or dicta of a trial court, we dismiss plaintiff's appeal.

We derive the following facts and procedural history from the record on appeal. In a separate action (the collection action),[2] plaintiff obtained an August 1, 2012 default judgment in the sum of $54,159.13 against Evelyn Melillo, who is defendant's former spouse.[3] Plaintiff was unable to collect the judgment from Evelyn. Asserting that defendant might have information concerning Evelyn's financial assets, plaintiff

---

[1] When the trial court denied plaintiff's motion for reconsideration, it also denied his request to redact the dictum from its earlier opinion.

[2] Docket No. L-1859-12.

[3] Defendant and Evelyn divorced in February 2005. Because they share the same surname, we refer to Evelyn by her first name to avoid confusion. We intend no disrespect.

served a notice of deposition upon defendant in the collection action. Defendant failed to appear for the deposition.

On January 6, 2014, the trial court granted plaintiff's application for an order compelling defendant to appear at a January 30, 2014 deposition and to produce documents requested by plaintiff. Defendant did not appear at this deposition and did not produce the requested documents. Plaintiff filed a motion asserting that defendant had "violated plaintiff's rights as a litigant" and demanding that he be arrested. On March 24, 2014, the court ordered defendant to attend a deposition scheduled for April 21, 2014, and produce the requested documents.

On April 17, 2014, however, Evelyn filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code. By this time, the collection action had been reassigned to Judge Allen J. Littlefield, J.S.C. On April 21, 2014, Judge Littlefield issued an order stating that, because Evelyn had filed a bankruptcy petition, plaintiff's claims against her in the collection action were dismissed without prejudice until the conclusion of the bankruptcy proceedings or the entry of an order by the bankruptcy court granting relief from the automatic stay under 11 U.S.C.A. § 362(d). Defendant appeared for the deposition on April 21, 2014, but advised

plaintiff that he would not respond to any questions or provide any documents because all collection proceedings against Evelyn had been stayed.

Rather than filing another enforcement motion against defendant in the collection action or, if necessary, seeking relief from the stay in the bankruptcy court, plaintiff instituted a separate action against defendant on May 23, 2014.[4] In his complaint, plaintiff alleged defendant's failure to comply with the discovery orders in the collection action made his judgment against Evelyn "uncollectible." As a result, plaintiff asserted that defendant was now responsible for paying the entire judgment, together with other damages and costs. Defendant filed an answer and a counterclaim. Plaintiff filed a motion to strike defendant's pleadings, and defendant responded by filing a cross-motion for summary judgment dismissing the complaint.

Following oral argument, Judge Littlefield denied plaintiff's motion to strike defendant's pleadings, re-designated defendant's counterclaim as a defense, and granted defendant's motion for summary judgment. In a thorough written opinion, the judge ruled that when defendant failed to comply with the discovery orders after Evelyn filed for bankruptcy,

---

[4] Docket No. L-2659-14.

plaintiff's sole recourse was to file an appropriate enforcement motion in the collection action, rather than filing a new, separate action seeking damages from defendant. Judge Littlefield explained:

> Regardless of whether [d]efendant was or was not required to appear for the various depositions, the failure of a non-party to appear for a deposition, even a court[-]ordered deposition, is not an independent cause of action. The procedures set forth by the Rules of Court provide an aggrieved party sufficient avenues for relief [through] means of motions to enforce litigant's rights and various forms of contempt of [c]ourt. In sum, New Jersey law does not recognize an independent cause of action for a [non-party's] non-compliance with discovery requests aimed at collecting a judgment as [pled] by . . . plaintiff.

Accordingly, Judge Littlefield entered an order on August 28, 2014 dismissing plaintiff's "claim" with prejudice. On October 17, 2014, the judge partially granted plaintiff's motion for reconsideration and issued a corrected order stating that plaintiff's "complaint is [dismissed] with prejudice for the reasons expressed in the [c]ourt's memorandum decision dated August 28, 2014. This [o]rder is not intended to bar any party from seeking any relief in the underlying matter of <u>Bandler v. [Evelyn] Melillo</u>, [the collection action]."

On appeal, plaintiff does not challenge the August 28, 2014 and October 17, 2014 orders dismissing his complaint against

defendant with prejudice. However, plaintiff complains that, in the judge's written opinion addressing the contentions raised by the parties concerning defendant's motion for summary judgment, the judge discussed defendant's argument that the automatic stay in the bankruptcy action excused his failure to comply with the discovery orders.

In his decision, the judge initially observed that defendant was not required to appear for the April 21, 2014 deposition because the filing of Evelyn's bankruptcy petition "stayed the proceedings in that matter including any and all efforts to collect the judgment against Evelyn Melillo. Collection efforts included deposing [d]efendant[,] and thus, the deposition was similarly stayed." Plaintiff alleged at oral argument that he was not going to ask defendant any questions at the deposition about Evelyn's assets but, rather, only planned to seek information that might support plaintiff's "potential claim" against defendant "for his failure to appear at the prior depositions."

The judge rejected plaintiff's argument because "[r]egardless of whether [d]efendant was or was not required to appear for the various depositions," plaintiff could not bring an independent cause of action against defendant for failure to appear. Therefore, plaintiff's complaint against defendant had

to be dismissed. Accordingly, the judge again stated that plaintiff should have filed an enforcement motion against defendant in the collection action. The judge noted that "there still remains a question as to whether or not the filing of said motion would violate the automatic stay." However, the judge stated that he was not going to render an advisory opinion on that issue.

Plaintiff filed a motion for reconsideration. He did not contest the order dismissing his complaint. However, plaintiff demanded that the judge redact the portion of his August 28, 2014 written opinion relating to the bankruptcy stay because plaintiff believed it was dictum and not necessary to support the judge's ultimate decision to dismiss the complaint.

Following oral argument on October 17, 2014, Judge Littlefield denied this request. The judge found that, because plaintiff had made arguments concerning the effects of the automatic stay on his collection efforts, the court was obligated to address them. The judge again stated that he was not going to issue an advisory opinion as to the impact of the automatic stay on any future motion by plaintiff to enforce the discovery orders against defendant in the collection action. As noted above, the judge also corrected the August 28, 2014 order to make clear that no party was barred "from seeking any relief"

in the collection action. The judge did not mention the bankruptcy proceedings in the August 28, 2014 and October 17, 2014 orders.

This appeal followed. On appeal, plaintiff's only arguments relate to his contention that the judge should not have included a discussion of the automatic stay in his August 28, 2014 written decision. Plaintiff argues that "the trial court's gratis dictum is unnecessary and may cloud future proceedings" and that "the trial court's dictum is mistaken and in contradiction to the trial court's own order." However, plaintiff does not appeal from the August 28, 2014 and October 17, 2014 orders dismissing his complaint. Under these circumstances, we are compelled to dismiss plaintiff's appeal for want of jurisdiction.

It is well established that "because an appeal questions the propriety of action [in the trial court], the rationale underlying the action is not independently appealable." Price v. Hudson Heights Dev., LLC, 417 N.J. Super. 462, 467 (App. Div. 2011) (citing Mandel, New Jersey Appellate Practice, ch. 2:4-2 (2010)). Therefore, a party may challenge only the propriety of the judgment entered by the trial court, not the reasoning underlying the court's decision. Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001).

In other words, "a party satisfied with or not aggrieved by an action may not complain on appeal about the reasons cited for the action."  Mandel, New Jersey Appellate Practice, ch. 2:4-2 (2016).  This rule applies even if the trial court's reasoning is incorrect.  See Isko v. Planning Bd. of Livingston, 51 N.J. 162, 175 (1968) ("It is a commonplace of appellate review that if the order of the lower tribunal is valid, the fact that it was predicated upon an incorrect basis will not stand in the way of its affirmance."), abrogated on other grounds, Commercial Realty & Res. Corp. v. First Atl. Props. Co., 122 N.J. 546 (1991).  Thus, contrary to the arguments raised by appellant on appeal, a party may not parse through the opinion of a trial judge and take an appeal from words, sentences, or sections of the opinion that he or she finds "objectionable" when the party is not asserting that the order or judgment was made in error. See Arons v. N.J. Network, 342 N.J. Super. 168, 181 (App. Div.) (rejecting plaintiff's complaints concerning "the quality of the letter opinion provided by the trial court" because "appeals are taken from judgments, not opinions"), certif. denied, 170 N.J. 388 (2001).

This rule is particularly apt in a case where, as here, the appellant is challenging dicta contained in the trial court's opinion.  See Glaser v. Downes, 126 N.J. Super. 10, 16 (App.

Div. 1973) (holding that "appeals are taken from judgments and not from opinions, let alone dicta"), <u>certif. denied</u>, 64 <u>N.J.</u> 513 (1974). Dictum is a statement by a judge "not necessary to the decision then being made[,]" and "as such it is entitled to due consideration but does not invoke the principle of <u>stare decisis</u>." <u>Jamouneau v. Div. of Tax Appeals</u>, 2 <u>N.J.</u> 325, 332 (1949). "[P]ortions of an opinion that are dicta are not binding." <u>Nat'l Mortg. Co. v. Syriaque</u>, 293 <u>N.J. Super.</u> 547, 554 (Ch. Div. 1994).

Because the parties both broached the subject of the impact of the automatic stay on the pending proceedings, Judge Littlefield prudently discussed the parties' respective positions in his thorough opinion. However, as the judge made clear, the issue of whether the automatic stay imposed as the result of the Evelyn's bankruptcy action would prevent plaintiff from filing an enforcement motion against defendant in the collection action was not before him when he considered defendant's motion for summary judgment. Therefore, the judge properly concluded that he would not render an advisory opinion on the issue. <u>See</u> <u>State v. Rose</u>, 206 <u>N.J.</u> 141, 189 (2011) ("The notion that a court of appeals willy-nilly can decide issues unnecessary to the outcome of the case results in the wholesale

issuance of advisory opinions, a practice our judicial decision-making system categorically rejects.").

Instead, the judge dismissed plaintiff's complaint against defendant because, as we noted, he concluded that "the failure of a non-party to appear for a deposition, even a court[-]ordered deposition, is not an independent cause of action." Plaintiff has not challenged that ruling on appeal. Thus, we have no jurisdiction to consider plaintiff's complaints concerning the dictum in the opinion related to the bankruptcy proceedings. See Glaser, supra, 126 N.J. Super. at 16.

We also do not have jurisdiction to consider the October 17, 2014 order denying plaintiff's motion for reconsideration. Again, plaintiff's arguments concerning that order are limited to his assertion that the judge should have redacted the discussion of the bankruptcy proceedings from his earlier written opinion. However, "[t]his position as a basis for reconsideration is completely unsupported by legal authority." Amerada Hess Corp. v. Dir., Div. of Taxation, 7 N.J. Tax 275, 280-81 (Tax Ct. 1985) (concluding that a plaintiff's "dissatisfaction with the [trial] judge's written opinion[,]" but not with "the judge's conclusion and final judgment[,]" does not warrant reconsideration of the judge's order).

Accordingly, we dismiss plaintiff's appeal from the August 28, 2014 and October 17, 2014 orders for want of jurisdiction.[5]

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] In his brief, defendant asserts that he is "entitled to recover attorneys' fees" on appeal. However, Rule 2:11-4 clearly provides that "[a]n application for a fee for legal services rendered on appeal shall be made by motion supported by affidavits as prescribed by [Rule] 4:42-9(b) and (c), which shall be served and filed within [ten] days after the determination of the appeal." (emphasis added). Therefore, we decline to consider defendant's contention in this opinion.

A-1315-14T2