**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0403-19

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ADONIS SEPULVEDA,

      Defendant-Appellant.

_____

Submitted February 10, 2021 – Decided May 18, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 14-12-1883.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant Adonis Sepulveda appeals the August 9, 2019 Law Division order denying his petition for post-conviction relief (PCR). We affirm.

Defendant, Jorge Valencia, Ramona P. Mercado-Vasquez, and Alexander Suarez were charged in a nineteen-count indictment with, inter alia, two counts of first-degree kidnapping, N.J.S.A. 2C:13-1(b) and N.J.S.A. 2C:2-6, and two counts of first-degree robbery, N.J.S.A. 2C:15-1 and N.J.S.A. 2C:2-6. We draw the facts from defendant's plea hearing. The offenses occurred[1] when defendant and his co-defendants engaged in a home invasion burglary during which they awoke the sleeping victim, placed a pillowcase over his head, and tied him up at gunpoint. They forced the victim to call the building doorman to the apartment and, at gunpoint, tied him up as well. Valencia was the building superintendent and used a key to access the unit. The group took items of substantial value, including money and jewelry.

Simultaneously, one of the co-conspirators removed some of the surveillance camera hard drives. As they were leaving the building carrying large white trash bags at approximately 3:53 a.m., however, they were captured

---

[1] Discrepancies between the factual basis established in defendant's case, and in those of his co-defendants, are not relevant to this appeal.

by the remaining surveillance cameras. The building director later identified defendant as a person depicted on film.

The building director's husband, a maintenance worker, on his own initiative, searched defendant's apartment, and found a gun and a shoe that matched one seen worn by defendant on the video. The affidavit police submitted in support of the issuance of a warrant explained as follows: partial shoe prints found near the scene matched defendant's shoes on the video, defendant and Mercado-Vasquez gave conflicting statements about their whereabouts at the time of the incident, Mercado-Vasquez had calls on her phone log to defendant while she claimed the two were in a car together, and a tenant saw a suspicious car in the parking lot between 1:00 and 1:30 a.m. When police executed the search warrant, they recovered proceeds from the robbery in defendant's apartment.

After defendant and Mercado-Vasquez were arrested, they were placed in holding cells near each other. While speaking in Spanish, they made inculpatory statements regarding the crimes. The conversation was tape recorded. Suarez also inculpated defendant in his statement to police.

Faced with these proofs, defendant pled guilty to kidnapping and robbery. The State recommended an aggregate of eighteen years' imprisonment, subject

3

to eighty-five percent parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for both the robbery and the kidnapping. The judge imposed an eighteen-year sentence for the kidnapping, but sixteen for the robbery, on November 20, 2015. The terms were made concurrent to a violation of probation sentence defendant incurred in another county, as he was on probation at the time of this offense.

Defendant appealed his sentence to the excessive sentence oral argument panel. R. 2:9-11. It was upheld, although we remanded the matter to the sentencing judge to issue a statement of reasons. Defendant thereafter filed a PCR petition, arguing, among other things, that his counsel was ineffective for failing to file a motion to suppress the items taken from his apartment.

In his PCR decision,[2] the judge held that defendant failed to meet the Strickland/Fritz[3] test. The court determined that trial counsel's decision to forego a motion to suppress the evidence seized upon the execution of the search warrant was a matter of trial strategy. In light of the overwhelming proofs

---

[2] The judge acknowledged defendant may be entitled to an additional day of credit, but no further mention was made of the subject in his decision or in the appeal briefs. In the interests of justice, the trial court may wish to look into the matter further. See R. 2:10-2.

[3] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz. 105 N.J. 42, 58 (1987).

A-0403-19

against defendant, the filing of such an application would have almost certainly resulted in a harsher plea bargain offer. Furthermore, the judge did not think the motion would have been successful in light of the wealth of information contained within the four corners of the affidavit.

Now on appeal, defendant raises the following points:

> POINT I
>
> THE PCR COURT ERRED IN RULING THAT THE CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO SUPPRESS EVIDENCE WAS BARRED BECAUSE IT SHOULD HAVE BEEN RAISED ON DIRECT APPEAL.
>
> POINT II
>
> THE PCR COURT ERRED IN DENYING THE PETITION WITHOUT AN EVIDENTIARY HEARING ON THE CLAIMS THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO SUPPRESS EVIDENCE.

We find no merit to these arguments.[4] R. 2:11-3(e)(2).

---

[4] We do not address the PCR judge's decision that the argument was procedurally barred as defendant failed to make a prima facie case of ineffective assistance of counsel. See Bandler v. Melillo, 443 N.J. Super. 203, 210 (App. Div. 2015) (noting an appellate court affirms valid judgments, even if predicated on incorrect reasoning).

A-0403-19

In cases such as these, where the trial court has not conducted an evidentiary hearing, "we may review the factual inferences the court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). The PCR court's legal conclusions are also reviewed de novo. State v. Harris, 181 N.J. 391, 415 (2004).

The now familiar Strickland test requires a defendant to first establish by a preponderance of the evidence that counsel's performance "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. It is presumed that trial counsel acted reasonably. State v. Pierre, 223 N.J. 560, 579 (2015). A defendant must establish the second prong by demonstrating that "a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. This reasonable probability must "undermine confidence in the outcome." Pierre, 223 N.J. at 583 (quoting Strickland, 466 U.S. at 694). In other words, defendant bears the burden to show that, but for counsel's ineffective assistance, he would have gone to trial and not entered a guilty plea.

The trial court correctly found that counsel's decision not to file a motion to suppress was reasonable given the likelihood it would be denied and the negative impact it no doubt would have on plea offers made by the State. Like

6

the judge, we do not consider defendant's numerous attacks on the issuance of the warrant to have merit.

For example, in this case the civilian search of defendant's apartment did not invalidate the search warrant. The maintenance worker searched on his own initiative. When a private individual obtains evidence from spaces protected by the Fourth Amendment, the authorities may use that information to obtain a search warrant. State v. Wright, 221 N.J. 456, 476-78 (2015). That is what occurred here.

Additionally, at that juncture, police had the video in which defendant and Mercado-Vasquez are seen carrying white trash bags from the building in the middle of the night, and they knew that Mercado-Vasquez had misrepresented her whereabouts based on her cell phone data. Any motion to suppress would likely fail while increasing the State's offer. Counsel's decision was indeed sound trial strategy.

Therefore, defendant did not establish a prima facie case requiring an evidentiary hearing. The judge did not abuse his discretion by refusing to grant one. See State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

A-0403-19

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0403-19