**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2015-19

DANIEL PANCKERI,

    Petitioner-Appellant,

v.

ALLENTOWN POLICE
DEPARTMENT,

    Respondent-Respondent.

_____

Argued February 10, 2021 – Decided March 2, 2021
Remanded by Supreme Court July 6, 2022
Resubmitted July 27, 2022 – Decided August 19, 2022

Before Judges Whipple, Rose and Firko.

On appeal from the Department of Labor and
Workforce Development, Division of Workers'
Compensation, Claim Petition No. 2012-10378.

Patrick L. Cimino argued the cause for appellant (The
Tashjy Law Firm, LLC, attorneys; Patrick L. Cimino,
of counsel and on the briefs).

Kenneth W. Chamlin argued the cause for respondent
(Chamlin, Uliano & Walsh, attorneys; Kenneth W.

Chamlin, of counsel and on the briefs; Andrew T. Walsh, on the briefs).

PER CURIAM

This matter returns to us after the Supreme Court granted Daniel Panckeri's petition for certification, and summarily remanded the matter for reconsideration in view of its decision in <u>Richter v. Oakland Board of Education</u>, 246 N.J. 507 (2021). <u>Panckeri v. Allentown Police Dep't</u>, 251 N.J. 356 (2022).

The facts and procedural history are set forth in detail in our prior opinion. <u>Panckeri v. Allentown Police Dep't</u>, No. A-2015-19 (App. Div. Mar. 2, 2021) (slip op. at 1-3). In summary, Panckeri was injured while assisting at the scene of a motor vehicle accident during the course of his employment with the Allentown Police Department. <u>Id.</u> at 2. He filed both a claim for workers' compensation benefits, and a tort action against the driver and owner of the vehicle that injured him. <u>Id.</u> at 2-3.

Panckeri settled his workers' compensation claim at thirty-three and one-third percent permanent disability, which was later increased to forty percent as his condition worsened. <u>Id.</u> at 2. In addition to his receipt of $16,547.13 in temporary disability benefits and $16,287.05 in medical benefits, Panckeri's gross compensation award for his permanency benefits was $20,883.10. <u>Id.</u> at 4. This amount included $2,368 in attorney's fees and costs allowed by the

workers' compensation court, which approved the settlements.  Id. at 2-3.

Panckeri also settled his tort action for $99,000, which was reduced by $5,000

for his ex-wife's per quod claim, and further reduced by $30,696 in counsel fees

and $1,919.82 in expenses for the tort litigation.  Id. at 3.

Allentown asserted a lien against Panckeri's tort settlement under N.J.S.A.

34:15-40 (Section 40), which provides, in relevant part:

> Where a third person is liable to the employee or his dependents for an injury or death, the existence of a right of compensation from the employer or insurance carrier under this statute shall not operate as a bar to the action of the employee or his dependents, nor be regarded as establishing a measure of damage therein.
>
> . . . .
>
> (b) If the sum recovered by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined.

Panckeri challenged the lien against the full $20,883.10 in permanency benefits,

arguing the lien should not include the $2,368 in attorney's fees and costs for

litigation of his workers' compensation claims, as those fees and costs were not

part of the "compensation payments" paid to him under Section 40. Panckeri, slip op. at 4-5.

The judge of compensation disagreed. Id. at 5-8. The judge relied on the "Division's longstanding practice, dating back to the 'introduction of the reimbursement requirement'" of Section 40, which based the employer's right to reimbursement "on the entirety of the recover[y], without regard to the fees and costs encountered in the [w]orkers' [c]ompensation award." Id. at 7-8. The judge further noted that, although the Legislature had most recently amended Section 40 in 2007, and "specifically 'examined exemptible fees and costs,'" the Legislature had not chosen to alter the language in Section 40 to change this longstanding practice. Id. at 8. We agreed and affirmed. Id. at 9-11.

Thereafter, in Richter, the Supreme Court addressed whether the claimant's recovery from her employer under the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, was barred by the exclusivity provision of the Worker's Compensation Act (WCA), N.J.S.A. 34:15-8, which precludes a person "in the same employ as" the workers' compensation claimant from being held liable "at common law or otherwise . . . except for intentional wrong." 246 N.J. at 514-15. Richter, a diabetic teacher, was injured at school when she fainted and hit her head, which she claimed was the result of "her work

4                                                    A-2015-19

schedule prevent[ing] her from eating her lunch early enough in the day to maintain proper blood sugar levels." Id. at 514. She sought workers' compensation benefits, and filed a separate action seeking damages under the LAD for the school's alleged failure to accommodate her disability. Ibid.

The Court held Richter need not demonstrate an adverse employment action as an element of a prima facie LAD claim. Id. at 531-32. Further, the Court affirmed Richter's ability to seek dual relief under both the LAD and the WCA. Id. at 541-42. The Court relied on the 1990 legislative amendments to the LAD, which provided that "[a]ll remedies available in common law tort actions shall be available to prevailing [LAD] plaintiffs." Id. at 537 (citing L. 1990, c. 12, § 2). The Court held the "WCA was in place when the LAD was enacted, and the Legislature stated its clear intent that the LAD should be treated as supplemental to other remedies." Id. at 540 (citing N.J.S.A. 10:5-13(a)(2)(b)). Richter's disability discrimination claim under the LAD was "not duplicative of the type of claim whose redress is secured through the WCA and therefore should not be regarded as subordinate to the WCA's exclusive remedy feature" because the LAD "provides relief under state statutes for a different workplace wrong." Id. at 542. Thus, the Court affirmed this court's reversal of

the grant of summary judgment to Richter's employer on her LAD claim.  Id. at 520, 545.

Pertinent to the issue presented on remand in the present matter, the final portion of the Supreme Court's opinion in Richter addressed the potential future operation of Section 40 to any damage award she might receive if her LAD claim were successful.  Id. at 544-45.  The Court noted that, in the ruling on appeal, the Appellate Division had reviewed the operation of Section 40 "and instructed on how, if a jury awards damages to Richter in a remand at trial of this matter, the employer may obtain reimbursement for workers' compensation benefits paid to her."  Id. at 544 (citing Richter v. Oakland Bd. of Ed., 459 N.J. Super. 400, 423-26 (App. Div. 2019)).  Earlier in its opinion, the Court characterized this court's opinion as limiting the Section 40 lien to "only two-thirds the amount [the employer] paid in workers' compensation to Richter in medical payments and temporary benefits . . . with the remaining one-third allocated to reimburse Richter's compensation counsel."  Id. at 522 (citing Richter, 459 N.J. Super. at 425-26).

The Court repeated that characterization in the final section of the opinion, noting that this court's "directions provided that, should the jury's award be equivalent to or exceed the amount paid to Richter for her medical benefits and

temporary disability benefits ($28,733.84), a lien for her employer would attach; however, the jury may not include in that amount fees and costs paid to plaintiff's compensation attorney." Id. at 522 (citing Richter, 459 N.J. Super. at 425-26). The Court specifically noted that, as there was no evidence in the record of the amount paid to Richter for partial total permanent disability benefits, it did not address those benefits. Id. at 522 n.2.

Finally, the Court "agree[d] with the Appellate Division's direction on this matter" and held that the intent of "Section 40 is to bar Richter's receipt of duplicate damages." Id. at 545 (citing Richter, 459 N.J. Super. at 424). However, as the Court found, "[t]hat does not mean that her employer is entitled to be reimbursed for fees plaintiff had to pay to counsel out of her compensation award." Ibid. (emphasis added) (citing Richter, 459 N.J. Super. at 425-26). It is this language that is now at issue here.

In supplemental briefing submitted following the remand order, Panckeri urges us to follow the language in Richter and exclude the $2,368 in workers' compensation attorney's fees and costs from the Section 40 lien. Allentown counters Richter does not apply, noting the present case involves a compensation award for permanent disability benefits, which was not the case in Richter. Allentown further cautions that application of Richter to the present matter case

would result in inconsistencies in Section 40 cases, as "the amount of the lien recovery could fluctuate depending on the timing of the settlement of the permanent disability award vis-à-vis the settlement of the third-party case."

Notwithstanding Allentown's attempts to distinguish Richter from the present matter, it is clear from the express language in Richter that the Court interpreted Section 40 as precluding employers from being "reimbursed for fees" that a workers' compensation claimant "had to pay to counsel out of her compensation award." Richter, 246 N.J. at 545. Notably, however, "not every word and every phrase contained in a Supreme Court opinion constitutes binding precedent." In re A.D., 441 N.J. Super. 403, 422 (App. Div. 2015). Although "matters in the opinion of a higher court which are not decisive of the primary issue presented but which are germane to that issue" are binding on lower courts, dicta "not necessary to the decision then being made[,]" is "entitled to due consideration but does not invoke the principle of stare decisis." Marconi v. United Airlines, 460 N.J. Super. 330, 339 (App. Div. 2019) (first quoting State v. Rose, 206 N.J. 141, 183 (2011); and then Bandler v. Melillo, 443 N.J. Super. 203, 210 (App. Div. 2015)).

Indeed, "[m]uch depends upon the character of the dictum. Mere obiter may be entitled to little weight, while a carefully considered statement . . .

though technically dictum, must carry great weight . . . ." Id. at 339 (alteration in original) (quoting A.D., 441 N.J. Super. at 422-23). Stated another way, if the Supreme Court's dictum is "deemed carefully considered, necessary to the decision reached, or directly involved with the central issue in the case, we are bound by it." Loigman v. Twp. Comm. of Twp. of Middletown, 409 N.J. Super. 13, 22 (App. Div. 2009) (first citing State v. Breitweiser, 373 N.J. Super. 271, 282-83 (App. Div. 2004); and then Barreiro v. Morais, 318 N.J. Super. 461, 468-69 (App. Div. 1999)).

The Section 40 language in Richter, which relates only to treatment of a potential future LAD damage award, was not directly related or germane to the limited question on which the Court granted certification: "whether an employee alleging discrimination for failure to accommodate a disability, pursuant to the [LAD], is required to show an adverse employment action; and whether plaintiff's claim is barred by the exclusive remedy provision of the [WCA]." Richter, 246 N.J. at 522 (alterations in original).

In Richter, this court reviewed the purpose of Section 40, which was to prevent a double recovery to an injured employee. 459 N.J. Super. at 422-25. The court discussed both Millison v. E.I. du Pont de Nemouts & Co., 101 N.J. 161, 187 (1985), and Calalpa v. Dae Ryung Co., 357 N.J. Super. 220, 227-29

(App. Div. 2003), which involved the employees' claims for workers' compensation benefits and an intentional tort claim against their employers. Ibid. This court in <u>Richter</u> held those cases stand for the proposition that, under Section 40, a "workers' compensation carrier [is] entitled to a 100% credit, meaning a 'dollar for dollar lien'" because "'an employee cannot have both'" recovery under the WCA and "'civil damages for the same injuries'" and because Section 40's "'third person'" concept applies to employers who commit an intentional tort and are therefore "'actionable tortfeasor[s].'" 459 N.J. Super. at 424-25 (quoting <u>Calalpa</u>, 357 N.J. Super. at 228-29). Quoting Section 40, we held "if the award recovered by Richter is 'equivalent to or greater than the liability of the employer from an award,' in this case $28,733.84 for medical bills and temporary disability benefits, the Board is allowed to keep two-thirds with Richter's counsel being entitled to the remaining one-third for counsel fees and costs not to exceed $750." <u>Id.</u> at 426 (quoting N.J.S.A. 34:15-40(b) and (e)).

Reviewing our decision in <u>Richter</u> through the lens of Section 40 suggests the two-thirds/one-third split refers only to Richter's <u>potential LAD damages award</u>, not her workers' compensation award. <u>Id.</u> at 426. Section 40 allows an employer who has paid workers' compensation benefits to be "reimbursed . . .

for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined" if "the sum recovered by the employee" in a third-party action "is equivalent to or greater than the liability of the employer" under the WCA. N.J.S.A. 34:15-40(b). Subsection (e) of Section 40 defines both the "expenses of suit" and "attorney's fee" referred to in subsection (b) as only those costs which arise out of the employee's third-party action, not the worker's compensation claim, stating:

> As used in this section, "expenses of suit" shall mean such expenses, but not in excess of $750 and "attorney's fee" shall mean such fee, but not in excess of [thirty-three and one-third percent] of that part of the sum paid in release or in judgment to the injured employee or his dependents by such third person or his insurance carrier to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions of this section, but on all sums in excess thereof, this percentage shall not be binding.
>
> [N.J.S.A. 34:15-40(e).]

The limitation on the definition of "expenses of suit" and "attorney's fee" in Section 40 is clear not only from the plain language of the statute, but also the legislative history. Indeed, in statements issued in conjunction with the Legislature's 2007 increase of subsection (e)'s expense amount to $750, see L. 2007, c. 23, § 1, both the Senate and Assembly Labor Committees noted that the

11

"suit" for which such expenses were incurred was that filed by the employee "against the third party." Assembly Lab. Comm. Statement to A. 2336 (Mar. 9, 2006); Senate Lab. Comm. Statement to A. 2336 (Nov. 13, 2006). By contrast, as we noted in our initial opinion, Section 40 is silent on the treatment of attorney's fees or costs incurred in conjunction with a worker's compensation claim. Panckeri, slip op. at 7, 11.

Thus, Section 40 contemplates the lien and net amount to be paid to a plaintiff in the context of a third-party tort action where the third-party counsel is paid on a contingent fee basis pursuant to the recovery by settlement or judicial decree. By contrast, the LAD provides for fee shifting if the plaintiff prevails, see N.J.S.A. 10:5-27.1, as determined by the trial court, see Rendine v. Pantzer, 141 N.J. 292, 316-17 (1995). Accordingly, to effectuate the intent of the Legislature as it pertains to preventing a double recovery, a prevailing plaintiff in an LAD action – who is awarded counsel fees and obtains a workers' compensation award – must be considered on a case-by-case basis.

In the absence of binding precedent holding attorney's fees and costs arising out of the workers' compensation claim should be excluded from a Section 40 lien, we therefore decline to disturb our decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2015-19