**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1086-24

STATE OF NEW JERSEY,
DIVISION OF TAXATION,

    Plaintiff-Respondent,

v.

KELLAR COVINGTON, JR.,

    Defendant-Appellant.

_____

        Submitted November 5, 2025 – Decided November 14, 2025

        Before Judges Perez Friscia and Vinci.

        On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. DJ-227893-13.

        Kellar Covington Jr., appellant pro se.

        Matthew J. Platkin, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Gregory L. Van Dyck, Deputy Attorney General, on the brief).

PER CURIAM

Defendant Kellar Covington, Jr. appeals from a November 22, 2024 order denying his motion to vacate an August 2, 2024 order to enforce litigant's rights.[1] We affirm.

On November 7, 2013, the State of New Jersey, Division of Taxation (Division) instituted this action by issuing a certificate of tax debt to the clerk of the Superior Court, Law Division. Pursuant to N.J.S.A. 54:49-12 and N.J.A.C. 18:5-8.9, the clerk entered a docketed judgment against defendant.

On October 24, 2023, the Division served an information subpoena on defendant, who did not respond. On June 24, 2024, the Division filed a motion in aid of litigant's rights seeking to compel defendant to respond to the subpoena. Defendant opposed the motion. On August 2, 2024, the court granted the Division's motion, stating "bankruptcy does not automatically eliminate a statutory debt to the State of New Jersey."

On October 8, 2024, defendant filed a motion to vacate the August 2 order pursuant to Rule 4:50-1(d) and (f). He argued the court record "shows no filed

---

[1] Defendant filed an amended notice of appeal from the court's January 7, 2025 oral opinion amplifying its initial statement of reasons pursuant to Rule 2:5-1(d). Defendant's purported appeal from that opinion is improper because appeals are taken from orders, not opinions. See Do–Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001); see also Bandler v. Melillo, 443 N.J. Super. 203, 210 (App. Div. 2015).

[c]omplaint in 2013 . . . against . . . [d]efendant, couple[d] with no proof of service of the [s]ummons and [c]omplaint" nor a "request for default or final judgment in the amount of $44,900.00." On November 22, 2024, the court entered an order denying defendant's motion "for the reasons stated by [p]laintiff." This appeal followed.

On January 7, 2025, the court placed its oral amplification on the record. It found the Division's motion to enforce litigant's rights was properly granted because "[t]he underlying tax debt due and owing from [defendant] is automatically a non-dischargeable debt . . . under the Federal Bankruptcy Code."

The court also found defendant's "motion to vacate the judgment is without merit because the certificate of [tax] debt entered against [him] is not a default judgment, a final judgment, or an order[,] which may be vacated under [Rule] 4:50-1." "Rather, it[ is] an administrative remedy that had . . . the force and effect of a judgment so that the [Division] may use the judicial process of our courts to collect taxes." Lastly, the court determined defendant's appeal of the tax judgment was required to be filed in the Division, not the Law Division.

On appeal, defendant contends the court "failed to provide adequate findings of fact and conclusion[s] of law supporting its decisions pursuant to [Rule] 1:7-4 and . . . [Rule] 4[:]50-1." We are not convinced.

Rule 1:7-4 provides "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." We are persuaded the court's January 7, 2025 amplification opinion satisfies the requirements of Rule 1:7-4.

Defendant's contention that the underlying judgment should be vacated pursuant to Rule 4:50-1(d) and (f) lacks merit. "We review a motion under Rule 4:50-1 to vacate final judgment under an abuse of discretion standard." 257-261 20th Ave. Realty, LLC v. Roberto, 477 N.J. Super. 339, 366 (App. Div. 2023) (citing U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). "The trial court's determination under [Rule 4:50-1] . . . should not be reversed unless it results in a clear abuse of discretion." Guillaume, 209 N.J. at 467.

To establish a right to relief under Rule 4:50-1(d), a movant must show "the judgment or order is void." A judgment may be set aside as void, for example, if the court lacked personal jurisdiction, Peralta v. Heights Med. Ctr.,

Inc., 485 U.S. 80, 86 (1988), or lacked subject matter jurisdiction. See Bank v. Kim, 361 N.J. Super. 331, 339 (App. Div. 2003).

Rule 4:50-1(f) has been described as a catch-all provision, and in such "'exceptional cases its boundaries are as expansive as the need to achieve equity and justice.'" DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 270 (2009) (quoting Ct. Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). Relief under Rule 4:50-1(f) is available only when "'truly exceptional circumstances are present,'" because of the "importance that we attach to the finality of judgments." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)). Not only must the movant "demonstrate the circumstances are exceptional" but also that "enforcement of the judgment or order would be unjust, oppressive[,] or inequitable." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999).

Defendant's claim that final judgment should be vacated because the Division did not file and serve a complaint and summons or request default or final judgment is incorrect. Pursuant to N.J.S.A. 54:49-12,

> the . . . Division . . . may issue a certificate to the [c]lerk of the Superior Court that any person is indebted under such State tax law in such an amount as shall be stated in the certificate. . . . Thereupon the clerk to whom such certificate shall have been issued shall immediately enter upon [their] record of docketed

5

judgments the name of such person . . . The making of the entries shall have the same force and effect as the entry of a docketed judgment in the office of such clerk, and the [Division] shall have all the remedies and may take all of the proceedings for the collection thereof which may be had or taken upon the recovery of a judgment in an action, but without prejudice to the taxpayer's right of appeal.

[N.J.S.A. 54:49-12; see also N.J.A.C. 18:5-8.9.]

The court correctly denied defendant's motion to vacate final judgment. Contrary to defendant's claim, the Division was not required to file and serve a complaint or summons or request the entry of default or final judgment. Upon the issuance of the certificate of debt by the Division to the clerk, final judgment was immediately entered against defendant in accordance with N.J.S.A. 54:49-12 and N.J.A.C. 18:5-8.9.

The judgment is not "void" as contemplated by Rule 4:50-1(d), and there is no basis to find "exceptional circumstances" to vacate the judgment pursuant to Rule 4:50-1(f). Additionally, as the court correctly noted, defendant was required to file his appeal of the tax judgment with the Division, not in the Law Division. N.J.S.A. 2B:13-3(a); N.J.S.A. 54:51A-13 to -16. There is no reason to disturb the court's November 22, 2024 order denying defendant's motion to vacate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1086-24